# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHRIS K. MOODY, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> (2) OSAGE ENERGY GROUP, LLC, A Nevada Limited Liability Company; <br> (3) DENISE SUNDAY LEIGH, an Individual; <br> (4) THE DENISE MARIE LEIGH REVOCABLE LIVING TRUST DATED 8.24.2016, MERLE LEIGH, AS TRUSTEE; <br> (5) MERLE LEIGH, an Individual, <br><br> Defendants. | Case No. 18-cv-00328-TCK-FHM <br> **Jury Trial Requested** |

## COMPLAINT

Plaintiff, Chris K. Moody, through his undersigned counsel, files the following Complaint against Defendants, above named, and in support thereof states as follows:

## THE PARTIES

1. Plaintiff Chris K. Moody ("Moody") is a resident of Claremore, Oklahoma, within the jurisdiction of the Northern District of Oklahoma.

2. Defendant Osage Energy Group, LLC ("Osage") is a limited liability company organized under the laws of the State of Nevada with its principal place of business in the State of Missouri.

3. Defendant Denise Sunday Leigh is a resident of the State of Missouri.

4. Defendant The Denise Marie Leigh Revocable Living Trust Dated 8.24.2016 is a legal Trust formed under the laws of the State of Missouri.

5. Defendant Merle Leigh is a resident of the State of Missouri.

## JURISDICTION AND VENUE

6. This Court has jurisdiction in accordance with 28 U.S.C. §1332, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in this Court because this is the district court of the United States for the district and division embracing the place where such action occurred pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

8. Moody received an offer to buy fifty (50%) percent of Osage Energy Group, LLC from Denise and Merle Leigh ("Leighs").

9. The Leighs drove to Claremore Oklahoma to meet Moody for him to read an Agreement that they had prepared for his benefit.

10. Moody accepted their offer and on June 25, 2015, Moody signed the agreement the Leighs had prepared, however, immediately after signing Defendant Denise Leigh changed pages of the agreement which substantially changed the core terms of the agreement.

11. Sometime after Moody started performing his duties at Osage, Defendant Denise Leigh transferred to her personal or Trust bank account nearly one million ($1,000,000.00) dollars from Osage without Moody's knowledge or approval.

12. Nearly a year later, the Leighs came to Moody and informed him that they need some working capital to make payroll, when asked why there were no funds available, the Leighs informed him that the funds were temporarily tied up. Moody loaned the Leighs and Osage twenty-five ($25,000.00) dollars.

13. A few months later, the Leighs informed Moody that there was a tax issue that

needed to be dealt with. Moody inquired and discovered that the Leighs had been with holding employee tax contributions and not paying it to the IRS. Moody also discovered the transfer of the funds to Denise Leigh. As a result of the Leighs fraud, the IRS showed a tax liability over two million ($2,000,000.00) dollars.

## COUNT I
## Fraud

14. All allegations contained in paragraphs 1through 13 are incorporated herein.

15. The Defendants' representations and actions constitute deceit under the law of Oklahoma.

16. Moody has suffered damages in excess of $75,000, the exact amount to be proved at trial.

17. The Defendants' misrepresentations and actions were at the least in reckless disregard of Moody's rights, entitling Moody to punitive damages.

## COUNT II
## Negligent Misrepresentation

18. All allegations contained in paragraphs 1through 17 are incorporated herein.

19. The Defendants' representations and actions constitute negligent misrepresentation under the law of Oklahoma.

20. Moody has suffered damages in an amount to be determined by the trier of fact in excess of $75,000;

21. The Defendants' misrepresentations and actions were at the least in reckless disregard of Moody's rights, entitling Moody to punitive damages.

## COUNT III
## VIOLATION OF MISSOURI SECURITIES ACT

22. Defendants' representations and actions were in violation of the Missouri Securities Act, Title XXVI, Section 409 *et. seq.*

23. Moody has suffered damages in an amount to be determined by the trier of fact in excess of $75,000.

**WHEREFORE**, Moody respectfully request damages as follows:

(a) For the fraudulent inducement for Moody to accept an agreement to is detriment for the return of all his moneys paid to and loans to the Defendants in a sum in excess of $75,000;

(b) For the misrepresentations and actions of the Defendants damages in an amount to be determined by the trier of fact in excess of $75,000;

(c) For the violation of the Missouri Securities Act damages in an amount determined to by the trier of fact in excess of $75,000;

(d) For prejudgment interest for the amount capable of being made certain by calculation;

(e) For attorneys fees and costs in this action;

(f) For punitive damages in accordance with the law of the state of Oklahoma;

(g) For such other relief as the Court deems just and reasonable.

Respectfully submitted,

PATTON LAW OFFICE

 /s/   Jon R. Patton
Jon R. Patton, OBA #17556
3939 South Harvard, Suite 130
Tulsa, OK 74135
(918) 592-1442 Telephone
(918) 516-0365 Fax
jrp@jonpatton.com Email

Attorney for Plaintiff